UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMENCITA BLAKELY,

    Plaintiff,                                     Case No. 05-60201

v.                                               Honorable John Corbett O'Meara

SEARS, ROEBUCK AND CO.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S JULY 31, 2006 MOTION FOR SUMMARY JUDGMENT AND
DENYING AS MOOT MOVANT BCN'S MOTION TO INTERVENE**

This matter came before the court on defendant Sears, Roebuck and Company's July 31, 2006 motion for summary judgment and movant Blue Care Network's July 26, 2006 motion to intervene. Oral argument was heard September 7, 2006.

### BACKGROUND FACTS

On a January 3, 2005 visit to the Sears store at Fairlane Mall in Dearborn, Michigan, plaintiff Carmencita Blakely slipped and fell not once, but twice, while shopping. The first fall occurred shortly after she entered the store from the outside, just beyond the mats the store had placed near the entrance; the second occurred in another part of the store near the elevator.

### LAW AND ANALYSIS

Plaintiff's claim against Sears is based upon Sears' duty to provide reasonably safe premises for its business invitees. The Michigan Supreme Court defined the scope of that duty in Serinto v. Borman Food Stores, Inc., 380 Mich. 637, 640-41 (1968), as follows:

> It is the duty of a storekeeper to provide reasonably safe aisles for customers, and he is liable for injury resulting from an unsafe

>condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such character or has existed a sufficient length of time that he should have had knowledge of it.

A storekeeper is not an insurer of the safety of its customers but is under a duty to use only reasonable care to provide reasonably safe premises. Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 500 (1988). The mere fact that a customer is injured does not constitute actionable negligence. Stefan v. White, 76 Mich. App. 654, 661 (1977).

The Michigan Court of Appeals as recently as last month reiterated its stance on slip and fall cases such as this one:

>Water in a store entryway on a slushy January day in Michigan is a hazard analogous to that presented by ice and snow. Generally, absent special circumstances or a statutory duty, the hazards presented by ice and snow are open and obvious and do not impose a duty on the property owner to warn of or remove the hazard. Reasonable minds could not disagree that a slippery surface in a store entryway should be expected under these conditions. Even assuming there was a large amount of water on the floor, an average person of ordinary intelligence would be on notice of the possibility of water accumulation, or possibly the presence of water on his shoes that could pose a risk of slipping . . . .

Sharp v. Art Van Furniture, Inc., 2006 WL 2270390 (Mich. App. Aug. 8, 2006) at 2.

In order to establish a *prima facie* case of negligence against Sears, Plaintiff has the burden of proving: 1) the existence of an unsafe condition on Sears premises, 2) that proximately caused her injury, and 3) that the unsafe condition was either caused by Sears or that Sears knew or should have known of the condition before the accident. Whitmore v. Sears, Roebuck and Co., 89 Mich. App. 3, 8 (1979).

In this case plaintiff Blakely cannot establish the elements of her claim beyond mere speculation. She has offered no evidence to establish: 1) that any act or omission by Sears personnel

caused the liquid to be on the floor, 2) that the condition of the floor caused her injuries, 3) that Sears knew or should have known of the liquid on the floor, and 4) that the condition had existed for a sufficient length of time that Sears should have had notice of it.  Plaintiff testified in her deposition that she knew that it had been snowing outside.  She not only saw the mats inside the door of the store but also used them to stomp the slush off her boots when she entered the store.  Plaintiff has failed to show that there were any "special circumstances" in this case sufficient to rebut Defendant's motion for summary judgment.

Blue Care Network ("BCN") filed a motion to intervene in this case July 26, 2006.  In light of the court's granting defendant Sears' motion for summary judgment, the court will deny as moot BCN's motion to intervene.

### ORDER

It is hereby **ORDERED** that defendant Sears, Roebuck and Company's July 31, 2006 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that movant Blue Care Network's July 26, 2006 motion to intervene is **DENIED AS MOOT.**

s/John Corbett O'Meara<br>
United States District Judge

Dated: September 08, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 09, 2006, by electronic mail.

s/William Barkholz<br>
Case Manager

3